UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
—————————————————————

SANTINA CHRISTIAN,

                            Plaintiff,

      v.                                           Civil Action No. `5:13-CV-425`
                                                       `(GLS/ATB)`

PAUL J. HOOTEN & ASSOCIATES, PLLC,

                            Defendant.
—————————————————————

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff, Santina Christian, is a natural person residing in the County of Onondaga and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant, Paul J. Hooten & Associates, PLLC, is a domestic professional service limited liability company organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8.  All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9.  That Plaintiff incurred a medical debt to Pediatric Dentistry & Intraceptive Orthodontics. This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes.  As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That Plaintiff thereafter defaulted on the subject debt.

12. That upon information and belief Defendant was employed by Pediatric Dentistry & Intraceptive Orthodontics to collect on the subject debt.

13. That in 2003 Plaintiff was sued by Pediatric Dentistry & Intraceptive Orthodontics for the subject debt by the law offices of Romeo & Romeo in the City of Syracuse Court.

14. That Pediatric Dentistry & Intraceptive Orthodontics obtained a judgment against the Plaintiff for the subject debt.

15. Thereafter and in or about June of 2009, Plaintiff paid the law offices of Romeo & Romeo the subject debt in full and a Satisfaction of Judgment was filed on July 21, 2009.

16. That Defendant began calling Plaintiff in or about May of 2012 in an attempt to collect on the subject debt.

17. Plaintiff repeatedly told Defendant that the subject debt was satisfied and that they should contact the law offices of Romeo & Romeo to confirm this.

18. That Plaintiff received a letter from Defendant dated June 15, 2012, indicating that they were contacting her in order to satisfy the aforementioned judgment and that if Plaintiff did not voluntarily pay, they would garnish Plaintiff's wages.

19. Plaintiff again contacted the Defendant upon receiving the June 15, 2012 letter and informed Defendant that this debt was satisfied and directed them to contact the law office of Romeo & Romeo regarding same.  Defendant ignored the Plaintiff's statement and responded by stating that they would proceed with a garnishment of her wages if she did not pay the alleged subject debt.

20. Plaintiff then, in July of 2012, was served with an Income Execution from the Onondaga County Sheriff's Office.

21. Plaintiff again called Defendant informing them that debt was satisfied and that they needed to contact the law offices of Romeo & Romeo to confirm, which Defendant indicated they would.

22. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

23. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 22 above.

24. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

   A. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2)(A) and 15 U.S.C. §1692e(10) by stating that Plaintiff owed the alleged subject debt in multiple conversations with the Plaintiff as well as in its letter of June 15, 2012.

   B. Defendant violated 15 U.S.C. §1692f and 15 U.S.C. §1692f(1) by attempting to collect on a debt that was previously satisfied.

   C. Defendant violated 15 U.S.C. §1692e(4) by threatening to garnish Plaintiff's wages for a judgment that was previously satisfied.

   D. 15 U.S.C. §1692e(5) by serving an income execution on the Plaintiff.

25. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

   (a) Actual damages;

   (b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

   (c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

   (d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: April 15, 2013

/s/ Seth J. Andrews
Seth J. Andrews, Esq.
Kenneth R. Hiller, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: sandrews@kennethhiller.com
        khiller@kennethhiller.com